IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICTOR RIVERA RAMOS<br><br>**Plaintiff**<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY<br><br>**Defendants** | **CIVIL NO.** 10-1102 (JAG) |

**MEMORANDUM AND ORDER**

Before the Court is Victor Rivera Ramos' petition for judicial review of a final decision of the Commissioner of Social Security and a Magistrate Judge's Report and Recommendation. For the reasons stated below, the Court hereby **ADOPTS** the Magistrate Judge's Report in its entirety and, accordingly, **AFFIRMS** the Commissioner's decision.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 11, 2009, Victor Rivera-Ramos ("Plaintiff") sought review, pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), of a final determination rendered by the Commissioner denying his request of disability insurance benefits. (Docket No. 1).

On September 27, 2010, the case was referred to a Magistrate Judge for a Report and Recommendation. (Docket No. 14). On December 1, 2010, the Magistrate Judge issued a Report

and Recommendation advising the Court to affirm the Commissioner's findings, given that they were based on substantial evidence. (Docket No. 15).

Plaintiff filed Objections to the Report and Recommendation arguing that the Magistrate Judge erred in finding that the Administrative Law Judge ("ALJ") had applied the correct legal standards in accordance with Social Security ruling 82-62. (Docket No. 18). Furthermore, Plaintiff objected the weight given by the Magistrate Judge to the non-treating physician's residual functional capacity ("RFC") reports over the RFC reports prepared by Plaintiff's treating psychiatrist, Dr. Luis Escabí. The Commissioner filed a brief response requesting that the Court affirm his decision. (Docket No. 19).

After a careful review of the transcript of the proceedings and the parties' arguments, the Court finds that the Commissioner's decision is supported by substantial evidence and must, therefore, be affirmed.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ. P. 72(b) and Local Rule 72, a district court may refer dispositive motions to a United States magistrate judge for a report and recommendation. See Alamo Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the [m]agistrate [j]udge's report

and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States v. Mercado Pagan, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the district judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). It is well settled that a district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Alamo Rodríguez, 286 F. Supp. 2d at 146 (citing Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985)). However, if the affected party fails to timely file objections, the district court can assume that it has agreed to the magistrate judge's recommendation. See id.

## ANALYSIS

To establish entitlement to benefits, Plaintiff bears the burden of proving that he became disabled within the meaning of the Act. See, e.g., Deblois v. Secretary of HHS, 686 F.2d 76, 79 (1st Cir. 1982). Plaintiff may be considered disabled within the meaning of the Act only if he is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. See 42 U.S.C. §§ 416(i)(1), 423(d)(1). Plaintiff's

impairment must be so severe as to prevent him from working, not only in his usual occupation, but in any other substantial gainful work considering his age, education, training, and work experience. See 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; Plaintiff must also be precluded from engaging in any substantial gainful activity by reason of such impairment. See, e.g., McDonald v. Secretary of HHS, 795 F.2d 1118, 1120 (1st Cir. 1986). Moreover, Plaintiff's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. See Avery v. Secretary of HHS, 797 F.2d 19, 20-21 (1st Cir. 1986).

The findings of fact made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the courts. See Rodríguez v. Secretary of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Plaintiff alleges the Magistrate Judge erred by confirming the ALJ's determination that Plaintiff could perform past relevant work as actually and generally performed, in accordance with Social Security Ruling 82-62. Plaintiff also claims that

Civil No. 10-1102 (JAG)                                                      5

the finding of whether claimant can perform past relevant work was not done in accordance with the ruling in question, which requires that a disability decision give a "clear picture of the case," follow and "orderly pattern" and show how the "specific evidence leads to a conclusion." SSR 82-62. It specifically requires: "(1) a finding of fact as to the individual's RFC; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and, (3) a finding of fact that the individual's RFC would permit a return to his or her past job." SSR 82-62.

   This Court finds that, even if the ALJ did not plainly list the demands of Plaintiff's past relevant work, his determinations are reasonable, reflect a careful analysis of Plaintiff's tasks as machine operator and are well within his discretionary power. Plaintiff indicated that his job required the use of tools, machines and equipment, but did not require technical knowledge, skills or writing. According to the job description, Plaintiff's job required medium physical exertion at best. Additionally, the RFC assessments indicated Plaintiff could remain focused for 2 hour intervals and that his mental impairments were not severe. Therefore, the facts and findings required by SSR 82-62 are present in the ALJ's determination that Plaintiff was mentally and physically capable of performing

his past relevant work. This, in turn, is also consistent with his RFC assessment.

Furthermore, as to Plaintiff's objection regarding the preponderant weight given to the non-treating physician's RFC reports over the reports of Dr. Escabí, this Court finds it was the ALJ's prerogative to solve the discrepancies between the conflicting medical reports. The ALJ refused to give controlling weight to Dr. Escabí's reports because, *inter alia*, his opinions were not consistent with SSR 96-6p, his conclusions were on matters reserved for the Commissioner, and as the treating psychiatrist, he never hospitalized the Plaintiff due to the alleged severity of his condition. More weight was given to the state agency medical staff's opinion because these staff reports were well-supported by medically acceptable clinical and laboratory studies. This Court finds the ALJ evaluated the evidence correctly by following the guiding factors set out in 20 CRF 404.1527(d). The ALJ's weighing of evidence in this regard was proper under the cited guidelines and regulations and, therefore, will not be disturbed by this Court.

## CONCLUSION

For the reasons set forth above, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety and, accordingly, **GRANTS** the Commissioner's Motion Requesting an

Civil No. 10-1102 (JAG)                                                              7

Order Affirming the Final Decision. (Docket No. 19). Judgment dismissing the case shall be entered.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 6th day of July, 2011.

S/ Jay A. Garcia-Gregory<br>
JAY A. GARCIA-GREGORY<br>
United States District Judge